# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 15, 1909.

EUGENE KERNAN
VS.
MORRIS TERLITZKY.

Robert W. Beach and Isidor Golastrom for plaintiff.

Harry B. Wolf for defendant.

SHARP, J.—

The bill in this case was filed to obtain a decree for the return by the defendant to the plaintiff of a diamond ring, and an injunction to prevent defendant from disposing of the ring, and for other and general relief. An answer was filed and testimony taken in open court.

The facts are as follows: Kernan, the plaintiff, was the owner of a diamond ring. He placed it in the possession of Linthicum, to exhibit, and to "obtain a purchaser."

Linthicum was a dealer and was well known as such. He had been in the business for seventeen years. He had an established place of business and was the representative of several "reputable out-of-town houses." Kernan was also a dealer in the same class of goods but of a different grade.

With Kernan's knowledge and acquiescence, the ring was placed among goods of a similar character belonging to Linthicum, and was exhibited for sale, together with Linthicum's goods, whenever a possible purchaser appeared. It was exhibited to a number of persons. Kernan left it in Linthicum's possession under the circumstances mentioned for several months. Kernan even fixed a price at which he could sell. He desired Linthicum to exhibit it to the trade with a view of finding a purchaser. It was agreed, however, that while Linthicum was to exhibit the ring with his own goods, and "to find a purchaser," he was not to consummate a sale. When he found a purchaser he was not to deliver the ring and accept the purchase money, but to report to Kernan.

Terlitzsky, the defendant, was also a dealer. He applied to Linthicum to purchase the ring. The testimony concerning this transaction is conflicting. Linthicum says he told Terlitzsky the ring belonged to Kernan, and he, Linthicum, had no power to sell it, but only to get an offer for it and submit the offer to the plaintiff. He said he entrusted the ring to Terlitzsky temporarily for the purpose of showing it to a possible purchaser and getting an offer on it, and for no other purpose. It was to be returned to Linthicum in a short time. He is confirmed by his brother, who says he overheard the conversation. On the other hand, Terlitzsky said he bought the ring believing it to be the property of Linthicum. He agreed to pay $300 for it. Terlitzsky admits he paid nothing for the ring, and did not intend to pay for it when he got it, but intended to get the possession of the ring in order to set off a debt due by Linthicum against the purchase price.

Linthicum owed Terlitzsky, the defendant, the sum of $450; after Terlitzsky had obtained possession of the ring he sold it in due course of business to Mr. Morris Cohen for $325. It is quite certain Cohen was a purchaser in good faith without notice, actual or constructive, of the claims of Kernan or Linthicum, and that he paid Terlitzsky the price agreed upon.

The bill in this case was filed by Kernan against Terlitzsky only. Linthicum and Cohen are not parties.

The conditions under which Kernan put the ring in possession of Linthicum were such that any person of ordinary prudence might believe that Linthicum had the power to sell it. Acting on the faith of the apparent authority to sell, given by Kernan to Linthicum, any bona fide purchaser from Linthicum for valuable consideration would acquire a good title.

It is true the agreement between Kernan and Linthicum was that the latter should "find a purchaser," but should not close the transaction, deliver the ring and receive the purchase price without Kernan's concurrence. In other words, it was agreed between them that the title should remain in Kernan.

When the owner of a diamond ring places it in the possession of a dealer, under circumstances which would warrant a prudent man in believing the dealer had the right to sell it, equity will not help to defeat the title of such purchaser by proof of a secret agreement between the owner and dealer. Under such circumstances the owner ought not to complain if he is the sufferer, and not an innocent person who buys and pays for the property in due course of business. The owner is estopped from claiming the dealer had not the power to sell. "Whenever one of two innocent persons must suffer by the wrongful act of a third, he must suffer who puts it in the power of such third person to commit the wrong."

Hall vs. Hencks, 21st Md. 418.

Levi vs. Booth, 58th Md. 305.

Deas vs. Chiskey, 64th Md. 348.

Cohen bought the ring in due course of business from Terlitzsky. He paid the price agreed upon, which was a fair and adequate one. He had no notice, actual or constructive, of the claims of Kernan and Linthicum. Under those circumstances he acquired a good title.

But Terlitzsky is in a different position. Leaving out of consideration entirely the notice, Linthicum said he gave him that ring which belonged to

Kernan, Terlitzsky was not in the position of a bona fide purchaser. He obtained possession of the ring by a trick; he paid nothing and did not intend to pay for it when he obtained it. He obtained it merely to make good the debt due him by Linthicum. His position was not altered by Kernan's conduct in permiting Linthicum to have possession of the ring, under the circumstances referred to. He has no claims to estoppel against Kernan. Moreover, any one who takes property in payment of an antecedant debt, is not a bona fide purchaser for valuable consideration. 24th Encl. of Law, 1168.

Between Kernan and Terlitzsky, the former has a better title, but a decree for the return of the ring cannot be granted. Cohen is a bona fide purchaser for value, and under the circumstances acquired a good title. He is not a party to the case, and there could be no decree against him even if the facts warranted it.

The return of the ring by Terlitzsky is, therefore, impossible. Under those circumstances, equity will, under the prayer for general relief, compensate the owner by a decree for the value of the ring.

Powell against Young, 45th Md. 498.

The testimony shows Cohen paid Terlitzsky $325 for the ring. This appears, from the evidence, to be a fair price.

A decree against Terlitzsky for that sum will be passed.